Alex R. Straus (SBN 321366)
**GREG COLEMAN LAW PC**
16748 McCormick Street
Los Angeles, CA  91436
Tel: 917-471-1894
alex@gregcolemanlaw.com

*Attorneys for Plaintiff and the Class*
[Additional Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASUNAE MOQEET, individually and on behalf of all others similarly situated, | Civil Action No.: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| CHARLOTTE'S WEB, INC., a Delaware Corporation, | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff Rasunae Moqeet ("Plaintiff"), through her undersigned attorneys, Barbat, Mansour & Suciu PLLC, Shub Law Firm LLC, Greg Coleman Law PC, and Bursor & Fisher PA brings this Class Action Complaint against Defendant Charlotte's Web, Inc. ("Defendant"), individually and on behalf of all others similarly situated, and complains and alleges upon personal knowledge as to

1

**CLASS ACTION COMPLAINT**

herself and her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys:

## <u>NATURE OF THE ACTION</u>

1.      This is a civil class action brought individually by Plaintiff on behalf of consumers who purchased Defendant's "CBD Oils", "CBD Capsules", "CBD Gummies", and "CBD Isolate" (collectively the "CBD Products" or the "Products").[1] Defendant warrants that all of the Products contain cannabidiol (CBD) and are legal for consumers to purchase for their personal use and not for resale.

2.      Defendant's Products, however, are illegal to sell.

3.      Defendant formulates, manufactures, advertises, and sells the CBD Products throughout the United States, including in the State of California.

4.      The CBD (cannabidiol) Product market is a multibillion-dollar business enterprise that is lucrative for its market participants and is expected to further expand into a $16 billion-dollar industry by 2025.[2]

5.      With knowledge of growing consumer demand for CBD Products, Defendant has intentionally marketed and sold illegal CBD products.

---

[1] The Products contain numerous different flavors and dosages.

[2] https://www.forbes.com/sites/irisdorbian/2019/03/12/cbd-market-could-pull-in-16-bln-by-2025-says-study/#69e764bb3efd Last Visited on November 30, 2019.

CLASS ACTION COMPLAINT

6.     Defendant's multiple and prominent systematic mislabeling of the Products form a pattern of unlawful and unfair business practices that harms the public.

7.     Accordingly, Plaintiff and each of the Class members have suffered an injury in fact caused by the false, fraudulent, unfair, deceptive, and misleading practices as set forth herein, and seek compensatory damages and injunctive relief.

8.     Plaintiff brings this suit to halt the unlawful sales and marketing of the CBD Products by Defendant and for damages she sustained as a result.  Given the massive quantities of the Products sold all over the country, this class action is the proper vehicle for addressing Defendant's misconduct and for attaining needed relief for those affected.

9.     Plaintiff and each of the Class members accordingly suffered an injury in fact caused by the false, fraudulent, unfair, deceptive, and misleading practices set forth herein, and seek compensatory damages, statutory damages, and declaratory and injunctive relief.

## JURISDICTION AND VENUE

10.     This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(d).   The amount in controversy in this class action exceeds $5,000,000, exclusive of interest and costs, and there are tens of thousands of Class members who are citizens of states other than Defendant's states of citizenship.

3

**CLASS ACTION COMPLAINT**

11.     This Court has personal jurisdiction over Defendant in this matter.  The acts and omissions giving rise to this action occurred in the state of California. Defendant has been afforded due process because it has, at all times relevant to this matter, individually or through its agents, subsidiaries, officers and/or representatives, operated, conducted, engaged in and carried on a business venture in this state and/or maintained an office or agency in this state, and/or marketed, advertised, distributed and/or sold products, committed a statutory violation within this state related to the allegations made herein, and caused injuries to Plaintiff and putative Class Members, which arose out of the acts and omissions that occurred in the state of California, during the relevant time period, at which time Defendant was engaged in business activities in the state of California.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (c) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and because Defendant transacts business and/or has agents within this District and has intentionally availed itself of the laws and markets within this district.

## **PARTIES**

13.     Plaintiff Rasunae Moqeet is a citizen of California who resides in Whittier, California. On May 5, 2018 Plaintiff purchased Charlotte's Web Hemp Oil and Charlotte's Web Simply Hemp Capsules for $109.98. On June 10, 2018 Plaintiff

4

purchased Charlotte's Web Simply Hemp Capsules for $55.99. On June 16, 2018 Plaintiff purchased Charlotte's Web Simply Hemp Capsules for $107.98. On June 21, 2018 Plaintiff purchased Charlotte's Web Mint Chocolate flavored CBD Oil and Simply Hemp Capsules for $87.98. On October 3, 2018 Plaintiff purchased Charlotte's Web Simply Hemp Capsules for $31.49. On January 4, 2019 Plaintiff purchased Charlotte's Web Simply Hemp Capsules for $55.99. On January 27, 2019 Plaintiff purchased Charlotte's Web Simply Hemp Capsules for $27.99. On February 24, 2019 Plaintiff Purchased Charlotte's Web Simply Hemp Capsules for $34.49. On June 11, 2019 Plaintiff purchased Charlotte's Web Simply Hemp Capsules for $34.97. On June 16, 2019 Plaintiff purchased Charlotte's Web Simply Hemp Capsules for $112.98. All of the Plaintiff's purchases were made at Mother's Market & Kitchen located at 413 S Associated Road, Brea, California 92821.

14.    Before purchasing her Charlotte's Web branded Products, Plaintiff Moqeet reviewed information about the products, including the fact that the Products were being sold for personal use, and not resale. When purchasing her Products, Plaintiff Moqeet also reviewed the accompanying labels, disclosures, warranties, and marketing materials, and understood them as representations and warranties by Defendant that the Products were being sold legally. Plaintiff Moqeet relied on these representations and warranties in deciding to purchase Defendant's Products. Accordingly, these representations and warranties were part of the basis of the

**CLASS ACTION COMPLAINT**

bargain, in that she would not have purchased the Products had she known these representations were not true. Here, Plaintiff did not receive the benefit of her bargain because Defendant's Products are illegal. Plaintiff also understood that her Products came with packaging and other materials prepared by Defendant, including representations and warranties regarding the legality of the Products. If Plaintiff Moqeet knew the Products were not legally sold in the United States, she would not have purchased them.

15.     Defendant Charlotte's Web, Inc. is a Delaware corporation with its principal place of business at 1600 Pearl St., Ste. 300, Boulder, CO 80302.

## FACTUAL ALLEGATIONS

16.     At all relevant times, Defendant has marketed its Products in a consistent and uniform manner.  Defendant sells the Products in all 50 states on its website and through various distributors.

### *DEFENDANT'S ILLEGAL PRODUCTS*

17.     On November 22, 2019, the United States Food & Drug Administration sent roughly 15 Warning Letters discussing numerous violations of CBD products, including but not limited to; Dietary Supplement Labeling, Unapproved New Drugs, Misbranded Drugs, Adulterated Human Foods, Unapproved New Animal Drugs,

**CLASS ACTION COMPLAINT**

and Adulterated Animal Foods. All of these violations of the Food, Drug and Cosmetic Act make CBD products illegal to sell.[3]

### ***Illegal Dietary Supplements***

18.     All of Defendant's Products are mislabeled as Dietary Supplements and/or contain the illegal dietary ingredient CBD.  Every product contains a Supplement Facts section on the back of the container which is reserved for dietary supplements and explicitly state "Dietary Supplement" on the front of the packaging.

19.     The FDA has stated that CBD may not be labeled as a dietary ingredient or legally be contained within a dietary supplement[4]:

- The FDA has approved only one CBD product, a prescription drug product to treat two rare, severe forms of epilepsy.
- It is currently illegal to market CBD by adding it to a food or labeling it as a dietary supplement.
- The FDA has seen only limited data about CBD safety and these data point to real risks that need to be considered before taking CBD for any reason.

---

[3] *See* https://www.fda.gov/news-events/press-announcements/fda-warns-15-companies-illegally-selling-various-products-containing-cannabidiol-agency-details?utm_campaign=112519_Statement_FDA%20warns%20companies%20for%20illegally%20selling%20various%20products%20containing%20cannabidiol&utm_medium=email&utm_source=Eloqua. Last visited July 21, 2020.

[4] *See* https://www.fda.gov/consumers/consumer-updates/what-you-need-know-and-what-were-working-find-out-about-products-containing-cannabis-or-cannabis Last Visited November 27, 2019.

**CLASS ACTION COMPLAINT**

20.     Defendant's Products cannot be dietary supplements because they do not meet the definition of a dietary supplement under section 201(ff) of the FD&C Act, 21 U.S.C. 321(ff).  The FDA has concluded, based on available evidence, that CBD products are excluded from the dietary supplement definition under sections 201(ff)(3)(B)(i) and (ii) of the FD&C Act, 21 U.S.C. 321(ff)(3)(B)(i) and (ii). Under those provisions, if an article (such as CBD) is an active ingredient in a drug product that has been approved under section 505 of the FD&C Act, 21 U.S.C. 355, or has been authorized for investigation as a new drug for which substantial clinical investigations have been instituted and for which the existence of such investigations has been made public, then products containing that substance are outside the definition of a dietary supplement.[5] There is an exception if the substance was "marketed as" a dietary supplement or as a conventional food before the new drug investigations were authorized; however, based on the evidence

_____

[5] CBD is the active ingredient in the approved drug product Epidiolex. Furthermore, the existence of substantial clinical investigations regarding CBD has been made public. For example, two such substantial clinical investigations include GW Pharmaceuticals' investigations regarding Sativex and Epidiolex. (See Sativex Commences US Phase II/III Clinical Trial in Cancer Pain and GW Pharmaceuticals Receives Investigational New Drug (IND) from FDA for Phase 2/3 Clinical Trial of Epidiolex in the Treatment of Dravet Syndrome). FDA considers a substance to be "authorized for investigation as a new drug" if it is the subject of an Investigational New Drug application (IND) that has gone into effect. Under 21 CFR 312.2, unless a clinical investigation meets the limited criteria in that regulation, an IND is required for all clinical investigations of products that are subject to section 505 of the FD&C Act.

**CLASS ACTION COMPLAINT**

available to the FDA, the FDA has concluded that this is not the case for CBD. The FDA is not aware of any evidence that would call into question its current conclusion that CBD products are excluded from the dietary supplement definition under sections 201(ff)(3)(B)(i) and (ii) of the FD&C Act.

### *Misbranded Drugs*

21.     Defendant's "Gummies," "Oil," and "Gel Capsule" products are also misbranded within the meaning of section 502(f)(1) of the FD&C Act, 21 U.S.C. 352(f)(1), in that their labeling fails to bear adequate directions for use. "Adequate directions for use" means directions under which a layperson can use a drug safely and for the purposes for which it is intended. (See 21 CFR 201.5.) The Products are offered for conditions that are not amenable to self-diagnosis and treatment by individuals who are not medical practitioners; therefore, adequate directions for use cannot be written so that a layperson can use these drugs safely for their intended purposes. FDA-approved prescription drugs that bear their FDA-approved labeling are exempt from the requirements that they bear adequate directions for use. However, Defendant's products are not exempt from the requirement that their labeling bear adequate directions for use, 21 CFR 201.100(c)(2) and 201.115, because no FDA-approved applications are in effect for Defendant's Products. The introduction or delivery for introduction into interstate commerce of these misbranded drugs violates section 301(a) of the FD&C Act, 21 U.S.C. 331(a).

**CLASS ACTION COMPLAINT**

22.     Defendant's conduct is also deceptive, unfair, and unlawful in that it violates the prohibition against the sale of adulterated and misbranded products under California's Sherman Laws, which adopt the federal labeling regulations as the food and dietary supplement labeling requirements of the state.[6] Cal. Health & Safety Code § 110095 ("All special dietary use regulations and any amendments to regulations adopted pursuant to the federal act, in effect on November 23, 1970, or adopted on or after that date, are the special dietary use regulations of this state."); Id. § 110100 ("All food labeling regulations and any amendments to those regulations adopted pursuant to the federal act, in effect on January 1, 1993, or adopted on or after that date shall be the food labeling regulations of this state.").

23.     The introduction of adulterated and misbranded food into interstate commerce is prohibited under the FDCA and the parallel state statute cited in this Class Action Complaint.

24.     Plaintiff and Class Members would not have purchased the Products or would have paid less for the Products if they were aware of the misleading labeling of the Products by Defendant.

---

[6] California's Sherman Food, Drug, and Cosmetic Act, Cal. Health & Saf. Code § 109875 et seq., incorporates into California law all regulations enacted pursuant to the U.S. Food Drug and Cosmetic Act. An act or omission that would violate an FDCA regulation necessarily therefore violates California's Sherman Law. Id. at § 110100.

**CLASS ACTION COMPLAINT**

25.    Defendant intended for Plaintiff and the Class members to be deceived or misled.

26.    Defendant's deceptive and misleading practices proximately caused harm to the Plaintiff and the Class.

27.    Plaintiff and Class members would not have purchased the Products, or would have not paid as much for the Products, had they known the truth about the mislabeled and falsely advertised Products.

## CLASS ACTION ALLEGATIONS

28.    Plaintiff brings this action individually and as representatives of all those similarly situated, pursuant to Federal Rule of Civil Procedure 23, on behalf of the below-defined Classes:

**National Class: All persons in the United States who purchased the Products (the "National Class").**

**California State Subclass: All persons in the State of California who purchased the Products (the "California Subclass").**

29.    Excluded from the Classes are: (1) Defendant, and any entity in which Defendant has a controlling interest or which have a controlling interest in Defendant; (2) Defendant's legal representatives, assigns and successors; and (3) the judge(s) to whom this case is assigned and any member of the judge's immediate family.

**CLASS ACTION COMPLAINT**

30.     Plaintiff reserves the right to redefine the Class(es), and/or requests for relief.

31.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

32.     The members of the proposed Class(es) are so numerous that joinder of all members is impracticable.

33.     The exact number of Class members is unknown.  Due to the nature of the trade and commerce involved, as well as the number of online and direct complaints, Plaintiff believes the Class consists of thousands of consumers.

34.     Common questions of law and fact affect the right of each Class member, and a common relief by way of damages is sought for Plaintiff and Class members.

35.     Common questions of law and fact that affect Class members include, but are not limited to:

    a.  Whether the Products, when used by consumers in a normal and customary manner and/or in accordance with Defendant's suggested use, works as advertised, marketed, and conveyed to consumers;

    b.  Whether, in the course of business, Defendant represented that the Products have characteristics, uses, benefits, or qualities that they do

**CLASS ACTION COMPLAINT**

not have when used by consumers in a normal and customary manner and/or in accordance with Defendant's suggested use;

c. Whether the claims Defendant made and is making regarding the Products are unfair or deceptive; specifically, whether the Products were illegally labeled as dietary supplements;

d. Whether Defendant knew at the time the consumer transactions took place that consumers would not receive the promised benefits of the Products that Defendant was claiming they would receive;

e. Whether Defendant knowingly made misleading statements in connection with consumer transactions that reasonable consumers were likely to rely upon to their detriment;

f. Whether Defendant knew or should have known that the representations and advertisements regarding the Products were unsubstantiated, false, and misleading;

g. Whether Defendant has breached express and implied warranties in the sale and marketing of the Products;

h. Whether Defendant's conduct violates public policy;

i. Whether Defendant's acts and omissions violates California law;

j. Whether Defendant has been unjustly enriched by the sale of the Products to the Plaintiff and the Class Members;

k. Whether Plaintiff and the Class Members did not receive the benefit of their bargain when purchasing the Products;

l. Whether the Plaintiff and the Class Members suffered monetary damages, and, if so, what is the measure of those damages;

m. Whether Plaintiff and the Class Members are entitled to an injunction, damages, restitution, equitable relief, and other relief deemed appropriate, and, if so, the amount and nature of such relief.

13

**CLASS ACTION COMPLAINT**

36.     Defendant engaged in a common course of conduct giving rise to the legal rights sought to be enforced by Plaintiff, on behalf of herself and the other Class members.  Similar or identical statutory and common law violations, business practices, and injuries are involved.  Individual questions, if any, are pale by comparison, in both quality and quantity, to the numerous common questions that dominate this action.

37.     Additionally, the factual basis of Defendant's conduct is common to all Class members and represents a common thread of misconduct resulting in injury and damages to all members of the Class.

38.     The named Plaintiff will fairly and adequately assert and protect the interests of the Class.  Specifically, she has hired attorneys who are experienced in prosecuting class action claims and will adequately represent the interests of the Class; and they have no conflict of interests that will interfere with the maintenance of this class action.

   a.   The common questions of law and fact set forth herein predominate over any questions affecting only individual Class members;

   b.   The Class is so numerous as to make joinder impracticable but not so numerous as to create manageability problems;

   c.   There are no unusual legal or factual issues which would create manageability problems, and depending on discovery, manageability will not be an issue as much information is solely in Defendant's possession;

14

**CLASS ACTION COMPLAINT**

d.  Prosecution of separate actions by individual members of the Class would create a risk of inconsistent and varying adjudications against Defendant when confronted with incompatible standards of conduct;

e.  Adjudications with respect to individual members of the Class could, as a practical matter, be dispositive of any interest of other members not parties to such adjudications, or substantially impair their ability to protect their interests; and

f.  The claims of the individual Class members are small in relation to the expenses of litigation, making a Class action the only procedure in which Class members can, as a practical matter, recover. However, the claims of individual Class members are collectively large enough to justify the expense and effort in maintaining a class action.

## CAUSES OF ACTION

### COUNT I
**California's Unfair Competition Law**
**Cal. Bus. & Prof. Code § 17200 et seq.  ("UCL")**
**(On Behalf of the National Class and California Subclass)**

39.  Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 38, as though set forth fully herein.

40.  Plaintiff brings this claim individually and on behalf of all members of the National Class and California Subclass against Defendant.

41.  The UCL prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

42.  The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant as alleged herein constitute business acts and practices.

15

**CLASS ACTION COMPLAINT**

43.     <u>Unlawful</u>:   The acts alleged herein are "unlawful" under the UCL in that they violate at least the following laws:

a.      The False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 et seq.;

b.      The Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 et seq.;

c.      The Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 et seq.; and

d.      The California Sherman Food, Drug, and Cosmetic Law, Cal. Health & Safety Code §§ 110100 et seq.

44.     <u>Unfair</u>: Defendant's conduct with respect to the labeling, advertising, and sale of the Products was "unfair" because Defendant's conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers and the utility of their conduct, if any, does not outweigh the gravity of the harm to their victims.

45.     Defendant's conduct with respect to the labeling, advertising, and sale of the Products was and is also unfair because it violates public policy as declared by specific constitutional, statutory or regulatory provisions, including but not limited to the applicable sections of: the Consumers Legal Remedies Act, the False Advertising Law, the Federal Food, Drug, and Cosmetic Act, and the California Sherman Food, Drug, and Cosmetic Law.

46.     Defendant's conduct with respect to the labeling, advertising, and sale of the Products was and is unfair because the consumer injury was substantial, not

**CLASS ACTION COMPLAINT**

outweighed by benefits to consumers or competition, and not one consumer themselves could reasonably have avoided.

47.     Fraudulent:  A statement or practice is "fraudulent" under the UCL if it is likely to mislead or deceive the public, applying an objective reasonable consumer test.

48.     As set forth herein, Defendant's claims relating the ingredients stated on the Products' labeling and moreover that the Products are labeled as illegal dietary supplements is likely to mislead reasonable consumers to believe the Products are legal to purchase.

49.     Defendant profited from its sale of the falsely, deceptively, and unlawfully advertised and packaged Products to unwary consumers.

50.     Plaintiff and Class Members are likely to continue to be damaged by Defendant's deceptive trade practices, because Defendant continues to disseminate misleading information on the Products' packaging.   Thus, injunctive relief enjoining Defendant's deceptive practices is proper.

51.     Defendant's conduct caused and continues to cause substantial injury to Plaintiff and the other Class Members.  Plaintiff has suffered injury in fact as a result of Defendant's unlawful conduct.

52.     In accordance with Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Defendant from continuing to conduct business through unlawful, unfair,

17

**CLASS ACTION COMPLAINT**

and/or fraudulent acts and practices, and to commence a corrective advertising campaign.

53.    Plaintiff and the Class also seek an order for and restitution of all monies from the sale of the Products, which were unjustly acquired through acts of unlawful competition.

## COUNT II

### California's False Advertising Law
### Cal. Bus. & Prof. Code § 17500 ("FAL")
### (On Behalf of the California Subclass)

54.    Plaintiff realleges and incorporates by reference paragraphs 1 through 38 as if fully set forth herein.

55.    Plaintiff brings this claim individually and on behalf of the members of the California Subclass against Defendant.

56.    The FAL provides that "[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

**CLASS ACTION COMPLAINT**

57.     It is also unlawful under the FAL to disseminate statements concerning property or services that are "untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." *Id*.

58.     As alleged herein, the advertisements, labeling, policies, acts, and practices of Defendant relating to the Products misled consumers acting reasonably as to the ingredients and effectiveness of the Products and moreover because the Products are illegally labeled as dietary supplements.

59.     Plaintiff suffered injury in fact as a result of Defendant's actions as set forth herein because she purchased the Products in reliance on Defendant's false and misleading labeling claims that the Products, among other things, contained the ingredients stated on the Products' labeling and moreover that the Products were legal dietary supplements as claimed on the Products' labeling and Defendant's website.

60.     Defendant's business practices as alleged herein constitute deceptive, untrue, and misleading advertising pursuant to the FAL because Defendant has advertised the Products in a manner that is untrue and misleading, which Defendant knew or reasonably should have known, and omitted material information from its advertising.

61.     Defendant profited from its sale of the falsely and deceptively advertised Products to unwary consumers.

**CLASS ACTION COMPLAINT**

62.     As a result, Plaintiff, the California Sub-Class, and the general public are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

63.     Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff, on behalf of herself and the California Sub-Class, seeks an order enjoining Defendant from continuing to engage in deceptive business practices, false advertising, and any other act prohibited by law, including those set forth in this Complaint.

## COUNT III

**California's Consumer Legal Remedies Act**
**Cal. Civ. Code § 1750 et seq. ("CLRA")**
**(On Behalf of the California Subclass)**

64.     Plaintiff realleges and incorporates by reference paragraphs 1 through 38 as if fully set forth herein.

65.     Plaintiff brings this claim individually and on behalf of the members of the California Subclass against Defendant.

66.     The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

67.     Defendant's false and misleading labeling and other policies, acts, and practices were designed to, and did, induce the purchase and use of the Products for

20

**CLASS ACTION COMPLAINT**

personal, family, or household purposes by Plaintiff and Class Members, and violated and continue to violate the following sections of the CLRA:

    a.  § 1770(a)(5): representing that goods have characteristics, uses, or benefits which they do not have;

    b.  § 1770(a)(7): representing that goods are of a particular standard, quality, or grade if they are of another;

    c.  § 1770(a)(9): advertising goods with intent not to sell them as advertised; and

    d.  § 1770(a)(16): representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

68.    Defendant profited from the sale of the falsely, deceptively, and unlawfully advertised Products to unwary consumers.

69.    Defendant's wrongful business practices constituted, and constitute, a continuing course of conduct in violation of the CLRA.

70.    Pursuant to the provisions of Cal. Civ. Code § 1782(a), Plaintiff will provide a letter to Defendant concurrently with the filing of this Class Action Complaint with notice of its alleged violations of the CLRA, demanding that Defendant correct such violations, and providing it with the opportunity to correct its business practices.  If Defendant does not thereafter correct its business practices, Plaintiff will amend (or seek leave to amend) the complaint to add claims for monetary relief, including restitution and actual damages under the Consumers Legal Remedies Act.

**CLASS ACTION COMPLAINT**

71.     Pursuant to California Civil Code § 1780, Plaintiff seeks injunctive relief, her reasonable attorney fees and costs, and any other relief that the Court deems proper.

## COUNT IV

**Breach of Express Warranties**
**Cal. Com. Code § 2313(1)**
**(On Behalf of the National Class and California Subclass)**

72.     Plaintiff realleges and incorporates by reference paragraphs 1 through 38 as if fully set forth herein.

73.     Plaintiff brings this claim individually and on behalf of the members of National Class and the California Subclass against Defendant.

74.     Through the Products' labels and advertising, Defendant made affirmations of fact or promises, or description of goods, described above, which were "part of the basis of the bargain," in that Plaintiff and the Class purchased the Products in reasonable reliance on those statements.  Cal. Com. Code § 2313(1).

75.     Defendant breached the express warranties by selling Products that do not and cannot provide the promised benefits and moreover by selling Products that are illegally labeled as dietary supplements.

76.     Plaintiff and the Class Members would not have purchased the Products had they known the true nature of the Products' ingredients and what the Products contained and that the Products are illegally labeled as dietary supplements.

**CLASS ACTION COMPLAINT**

77.     That breach actually and proximately caused injury in the form of the lost purchase price that Plaintiff and Class members paid for the Products.

78.     Furthermore, Defendant had actual knowledge of the defect in the Products purchased by Plaintiff, as well as the Products purchased by other members of the Class, because it had actual knowledge of the nature, ingredients and qualities of the ingredients in its Products by virtue of its own Products' testing and it knows that the affirmations and representations it makes concerning the nature, benefits, ingredients and quantities on the Products' labeling and Defendant's website and advertising is false.

79.     As a result of Defendant's breach of warranty, Plaintiff and Class Members have been damaged in the amount of the purchase price of the Products and any consequential damages resulting from the purchases.

## <u>COUNT V</u>

**Breach of Implied Warranty of Merchantability**
**Cal. Com. Code § 2314**
**(On Behalf of the National Class and California Subclass)**

80.     Plaintiff realleges and incorporates by reference paragraphs 1 through 38 as if fully set forth herein.

81.     Plaintiff brings this claim individually and on behalf of the members of National Class and the California Subclass against Defendant.

23

**CLASS ACTION COMPLAINT**

82.    Defendant, through its acts and omissions set forth herein, in the sale, marketing, and promotion of the Products, made representations to Plaintiff and the Class that, among other things, the Products were labeled as legal dietary supplements.

83.    Plaintiff and the Class bought the Products manufactured, advertised, and sold by Defendant, as described herein.

84.    Defendant is a merchant with respect to the goods of this kind which were sold to Plaintiff and the Class, and there was, in the sale to Plaintiff and other consumers, an implied warranty that those goods were merchantable.

85.    However, Defendant breached that implied warranty in that the Products provide no benefits, as set forth in detail herein, and moreover that the Products are actually labeled as illegal dietary supplements.

86.    As an actual and proximate result of Defendant's conduct, Plaintiff and the Class did not receive goods as impliedly warranted by Defendant to be merchantable in that they did not conform to promises and affirmations made on the container or label of the goods nor are they fit for their ordinary purpose of providing the benefits as promised.

87.    Plaintiff and the Class have sustained damages as a proximate result of the foregoing breach of implied warranty in the amount of the Products' purchase prices.

**CLASS ACTION COMPLAINT**

## COUNT VI

### Declaratory Relief Under the Declaratory Judgment Act
### (On Behalf of the Nationwide Class and/or
### the California Subclass)

88.     Plaintiff realleges and incorporates by reference paragraphs 1 through 38 as if fully set forth herein.

89.     Plaintiff brings this cause of action on behalf of the Nationwide Class and/or the California Subclass.

90.     Declaratory relief is intended to minimize "the danger of avoidable loss and unnecessary accrual of damages."  10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2751 (3d ed. 1998).

91.     Pursuant to 28 U.S.C. § 2201, et seq., there is an actual controversy between Defendant and Plaintiff concerning whether:

    a.  Defendant has misrepresented the nature, ingredients and effectiveness of the Products; and

    b.  Defendant knew or should have known of the misrepresentations regarding the efficacy of the Products.

92.     Pursuant to 28 U.S.C. § 2201, the Court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

93.     Despite findings which have proven Defendant's representations false, Defendant continues to represent the nature, ingredients and effectiveness of the

**CLASS ACTION COMPLAINT**

Products, specifically labeling the Products as illegal "dietary supplements" and has otherwise failed to correct those misrepresentations.

94.    Accordingly, based on Defendant's repeated and continued misrepresentations, Plaintiff seeks a declaration that Defendant has misrepresented the nature, ingredients and effectiveness of the Products and that its actions are unlawful.

95.    The declaratory relief requested herein will generate common answers that will settle the controversy related to the misrepresented labeling of the Products. There is an economy to resolving these issues as they have the potential to eliminate the need for continued and repeated litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this case be certified and maintained as a class action and for judgment to be entered against Defendant as follows:

A.    Enter an order certifying the proposed Class (and subclasses, if applicable), designating Plaintiff as the class representative, and designating the undersigned as class counsel;

B.    Enter an order awarding Plaintiff and the class members their actual damages, treble damages, and/or any other form of monetary relief provided by law, except that no monetary relief is presently sought for violations of the Consumers Legal Remedies Act;

C.    Declare that Defendant is financially responsible for notifying all Class members of the problems with the Products;

**CLASS ACTION COMPLAINT**

D.     Declare that Defendant must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received from the sale of the Products, or order Defendant to make full restitution to Plaintiff and the members of the Class, except that no monetary relief is presently sought for violations of the Consumers Legal Remedies Act;

E.     Defendant shall audit and reassess all prior customer claims regarding the Products, including claims previously denied in whole or in part;

F.     An order awarding Plaintiff and the classes pre-judgment and post-judgment interest as allowed under the law;

G.     For reasonable attorneys' fees and reimbursement of all costs for the prosecution of this action, including expert witness fees; and

H.     For such other and further relief as this Court deems just and appropriate.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: August 6, 2020                  Respectfully Submitted,

                                        */s/ Alex R. Straus*
                                        Alex R. Straus (SBN 321366)
                                        **GREG COLEMAN LAW PC**
                                        16748 McCormick Street
                                        Los Angeles, CA  91436
                                        Tel: 917-471-1894
                                        alex@gregcolemanlaw.com

                                        Rachel Soffin*
                                        Justin Day*
                                        **GREG COLEMAN LAW PC**
                                        800 S. Gay Street, Suite 1100
                                        Knoxville, Tennessee 37929
                                        Tel: 865-247-0080
                                        rachel@grecolemanlaw.com
                                        justin@gregcolemanlaw.com

27

**CLASS ACTION COMPLAINT**

Jonathan Shub (SBN 237708)
Kevin Laukaitis*
**SHUB LAW FIRM LLC**
134 Kings Highway E
2nd Floor
Haddonfield, NJ 08033
Tel: 856.772.7200
jshub@shublawyers.com
klaukaitis@shublawyers.com

Nick Suciu III*
**BARBAT, MANSOUR & SUCIU PLLC**
1644 Bracken Rd.
Bloomfield Hills, MI 48302
Tel: 313-303-3472
nicksuciu@bmslawyers.com

Frederick J. Klorczyk III
(State Bar No. 320783)
Neal J. Deckant (State Bar No. 322946)
Brittany S. Scott (State Bar No. 327132)
**BURSOR & FISHER, P.A.**
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Tel: (925) 300-4455
fklorczyk@bursor.com
ndeckant@bursor.com
bscott@bursor.com

***Pro Hac Vice Application forthcoming***

***Counsel for Plaintiff and the Class***

28

**CLASS ACTION COMPLAINT**

## CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)

I, Alex Straus, declare as follows:

1.      I am an attorney at law licensed to practice in the State of California and a member of the bar of this Court. I am an attorney at Greg Coleman Law PC, counsel of record for Plaintiff in this action. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

2.      The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the events alleged in the Complaint occurred in the Central District of California. I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed in Los Angeles, California this 6th day of August, 2020.


*/s/ Alex R. Straus*
Alex R. Straus

**CLASS ACTION COMPLAINT**